**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLENN C. BRENNAN, | |
| Appellant | No. 1490 EDA 2016 |

Appeal from the Judgment of Sentence December 28, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003262-2015

BEFORE:  SHOGAN and OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 10, 2017**

Appellant, Glenn C. Brennan, appeals from the judgment of sentence entered on December 28, 2015, in the Bucks County Court of Common Pleas.  We affirm.

The record reveals that Appellant committed and conspired to commit multiple robberies of commercial establishments between January 11, 2015, and February 28, 2015.  In connection with those crimes, on March 19, 2015, Appellant was charged with eleven counts of robbery (threatening to commit serious bodily injury),[1] eleven counts of conspiracy to commit

_____

[*]  Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

robbery (threatening to commit serious bodily injury),[2] eleven counts of robbery (inflicting serious bodily injury, threatening to inflict serious bodily injury, or intentionally putting one in fear of immediate bodily injury),[3] eleven counts of conspiracy to commit robbery (inflicting serious bodily injury, threatening to inflict serious bodily injury, or intentionally putting one in fear of immediate bodily injury),[4] eleven counts of theft by unlawful taking,[5] eleven counts of conspiracy to commit theft by unlawful taking,[6] eleven counts of receiving stolen property,[7] eleven counts of conspiracy to commit receiving stolen property,[8] ten counts of making terroristic threats,[9] ten counts of possessing an instrument of crime,[10] ten counts of simple assault,[11] and ten counts of recklessly endangering another person.[12]

---

[2] 18 Pa.C.S. § 903(a)(1).

[3] 18 Pa.C.S. § 3701(a)(1)(iv).

[4] 18 Pa.C.S. § 903(a)(1).

[5] 18 Pa.C.S. § 3921(a).

[6] 18 Pa.C.S. § 903(a)(1).

[7] 18 Pa.C.S. § 3925(a).

[8] 18 Pa.C.S. § 903(a)(1).

[9] 18 Pa.C.S. § 2706(a)(1).

[10] 18 Pa.C.S. § 907(a).

[11] 18 Pa.C.S. § 2701(a)(3).
*(Footnote Continued Next Page)*

On July 27, 2015, Appellant entered guilty pleas to all charges. On December 28, 2015, the trial court sentenced Appellant to consecutive terms of eighteen to thirty-six months of incarceration on the eleven counts of robbery (threatening to commit serious bodily injury), and a concurrent term of twenty years of probation for one count of conspiracy to commit robbery (threatening to commit serious bodily injury). No further penalty was imposed at the remaining counts. This resulted in an aggregate sentence of sixteen and one-half to thirty-three years of incarceration and a concurrent term of twenty years of probation. On January 6, 2016, Appellant filed a timely post-sentence motion for reconsideration of his sentence. Following a hearing, the trial court denied Appellant's post-sentence motion. This timely appeal followed, and both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue for this Court's consideration:

A. Did the sentencing court err in imposing consecutive sentences resulting in an aggregate sentence that was unduly harsh considering the nature of the crime (no one was physically injured), the Appellant's admitted drug addictions, the Appellant's previous work history, and the Appellant's overall rehabilitation needs?

Appellant's Brief at 4 (full capitalization omitted).

*(Footnote Continued)* ————————

[12] 18 Pa.C.S. § 2705.

- 3 -

This is a challenge to the discretionary aspects of his sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. ***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. ***Commonwealth v. Tejada***, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted).

Appellant has met the first three parts of the four-prong test: Appellant filed a timely appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we assess whether Appellant has raised a substantial question with respect to the issues he presents.

A determination as to whether a substantial question exists is made on a case-by-case basis. ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015).

Appellant submits that a substantial question exists in this case because the consecutive sentences imposed on his convictions resulted in a manifestly excessive and unreasonable sentence. Appellant's Brief at 11–12. We conclude that Appellant has presented a substantial question. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1269 (stating that claims of a manifestly excessive sentence due to the imposition of consecutive sentences raises substantial question); ***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015) (challenge to the imposition of consecutive sentences as unduly excessive, together with claim that court failed to consider rehabilitative needs and mitigating factors presented substantial question).

The imposition of sentence is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. "An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). Moreover, the decision to impose consecutive rather than concurrent

- 5 -

sentences is left to the discretion of the sentencing court. ***Commonwealth***

***v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014).

The trial court addressed Appellant's challenge as follows:

The sentences imposed in the instant matter were not clearly unreasonable or, as [Appellant] asserts, unduly harsh. The sentence for each of the robberies fell within the mitigated range of the sentencing guidelines.[4] The fact that this Court ordered that the sentences run consecutive to one another does not alter the conclusion that the sentence imposed was reasonable. In imposing sentence, a court has discretion to run the sentence concurrently with or consecutively to other sentences being imposed. Commonwealth v. Mouzon, 828 A.2d 1126, 1130 (Pa.Super.2003). Moreover, separate felony offenses committed against separate victims appropriately calls for consecutive sentences. Commonwealth v. Swope, 123 A.3d 333[,] 341 (Pa.Super.2015) (citation omitted) ("Appellant is not entitled to a volume discount for his crimes."); Commonwealth v. Zirkle, 107 A.3d 127, 134 (Pa.Super.2014), appeal denied, 117 A.3d 297 (Pa.2015). Where, as here, separate violent felony offenses are individually planned and executed against multiple individuals and multiple local business entities, a separate sentence is warranted in recognition of the fact that a separate and distinct harm is intended and is caused by the commission of each criminal episode.[5]

[4] The applicable guidelines are as follows: mitigated – 18 months; standard – 30 to 42 months; aggravated – 54 months.

[5] With regard to planning, [Appellant] testified that on the date of his arrest, he was "casing a joint" but "scratched" any idea of robbing the place when he "felt" a police presence. [Appellant] testified that he thought he had successfully lost the police vehicles trailing him and proceeded to a friend's home. When he stopped at the residence, he was confronted by police and found to be in possession of a pellet gun. N.T. 12/28/15 pp. 26-27.

In support of his claim that the sentence was unduly harsh, [Appellant] points to several factors, *i.e.* his "previous

- 6 -

work history," his "admitted drug addiction," his overall rehabilitative needs and the fact that no one was physically injured. These factors do not, however, support his claim for relief.

As this Court noted at the time of sentencing, [Appellant's] need for money, whether caused by a downturn in his employment or by the need to fund a drug habit, does not justify violent crime and cannot mitigate [Appellant's] decision to take the property of others by use of force and threat of violence.[6] Moreover, [Appellant's] use of drugs as a juvenile and his continued use of drugs as an adult does not mitigate the offenses. The fact that [Appellant] was an active drug abuser when he committed these crimes makes those encounters all the more dangerous. [Appellant's] failure to seek drug treatment as a juvenile and as an adult demonstrated to this Court that he is not committed to changing his lifestyle.[7]

[6] N.T. 12/28/15 p. 23; N.T. 4/19/16 pp. 30-31.

[7] N.T. 12/28/15 pp. 17-18.; N.T. 4/19/16 pp. 17-18

Throughout the proceedings before this Court, [Appellant] demonstrated a complete lack of empathy for the victims of his crimes. His statements at both the sentencing and the reconsideration hearings made it clear that he does not appreciate the nature and seriousness of his crimes. He has failed to take responsibility for his conduct, consistently blaming others for his failures. The fact that no one was physically injured during [Appellant's] crime spree is a testament to the composure and sound judgment of the victims and the effectiveness of the police in removing him from the street before one side or the other, victim or [Appellant], decided to escalate the violence. It is not proof of any conscious decision by [Appellant] to avoid using physical violence. By introducing a weapon into the situation, [Appellant] certainly created a grave risk of injury. It is also very important to note that, although the victims in this case escaped physical injury, the emotional and psychological impact of these crimes upon victims and the surrounding members of the community is always substantial. In addition, the distinction [Appellant] is attempting to use as a factor to mitigate his sentence is a distinction that has already been factored into sentencing by virtue of the statute defining the offense. The statutory scheme delineates different types of

robbery based on whether an injury is threatened or one is inflicted and the degree of injury that is threatened or inflicted. 18 Pa.C.S. § 3701. Those distinctions are reflected in the applicable offense gravity scores which correspondingly increase or decrease based on the nature of the injury threatened or inflicted for purposes of the sentencing guidelines. See, 204 Pa. Code § 303.15.

In imposing sentence, this Court considered the nature of the crimes committed, including the sophistication and planning of the crimes, the number of victims involved, both individuals and businesses, the impact of the crimes on the victims and the community, and the history, character and rehabilitative needs of [Appellant]. Based on all of these circumstances, this Court reasonably concluded that a lengthy term of incarceration was warranted. [8]

[8] N.T. 12/28/15 pp. 27-34; N.T. 4/19/16 pp. 27-32.

Trial Court Opinion, 7/11/16, at 8-10.

We agree with the trial court and conclude that this is an example of a defendant who, after being convicted of multiple criminal acts committed at separate times with separate victims, is now seeking that which is not permitted: a volume discount on his crimes.[13] We discern no abuse of discretion in the trial court imposing consecutive mitigated-range sentences, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[13] "We see no reason why a defendant should be afforded a 'volume discount' for his crimes by having all sentences run concurrently." *Zirkle*, 107 A.3d at 133 (quoting **Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa. Super. 1995)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/10/2017</u>